**ZIEGLER LAW GROUP, LLC**
Jason J. LeBoeuf, Esq (#033612001)
651 Old W. Mt. Pleasant Avenue, Suite 150
Livingston, NJ 07039
Tel. (973) 533-1100
jason@zlgllc.com
*Attorneys for Defendant, Daniel Torres*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DANIEL TORRES,** <br><br> Defendants. | Criminal Action No: 2:24-cr-378-KSH <br><br> Hon. Katherine S. Hayden <br><br> **NOTICE OF DEFENDANT DANIEL TORRES'S MOTION FOR A CONTINUANCE AND TO DISQUALIFY THE UNITED STATES ATTORNEY'S OFFICE** |

**TO:  ALL PARTIES OF RECORD**

    **PLEASE TAKE NOTICE** that Defendant Daniel Torres ("Mr. Torres" or "Defendant"), by and through his undersigned attorneys, will move this Court at 50 Walnut Street, Newark, New Jersey 07102 on a date and time to be set by the Court, or as soon as counsel may be heard, for an Order granting Defendant's Motion for a continuance and to disqualify the United States Attorney's Office for the District of New Jersey from prosecuting Mr. Torres ("Motion");

    **PLEASE TAKE FURTHER NOTICE** that, in support of this Motion, Defendant shall rely on a Letter Brief;

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civ. R. 7.1(e), a proposed form of order is submitted herewith; and

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civ. R. 78.1(b), Defendant respectfully requests oral argument on this Motion if timely opposition is filed.

                                **ZIEGLER LAW GROUP, LLC**

                          By:    <u>/s/ Jason J. Leboeuf, Esq</u>
                                   Jason J. LeBoeuf, Esq

Dated: November 18, 2025

**MEMBERS**
VIKKI S. ZIEGLER-PAYNE[1]
POLINA M. DOSTALIK[2,3]
JASON J. LEBOEUF[3,♦]
FRANCINE M. ASTER[3]

**OF COUNSEL**
JARED W. DEROSSO[4]
ELIZABETH M. VINHAL[2]
TARA JONES WILLECKE[2]
CAROLE A. HAFFERTY
JOSHUA H. REINITZ[3,*]



E-Mail: jason@zlgllc.com

**ASSOCIATES**
MICHAEL J. EVANS
THOMAS A. GROSSI
KRISTEN E. BLUCHER
FAWN B. DYER[3,5]
AVONNÈT BELL

[1]MEMBER OF NJ, NY & DC BAR
[2]MEMBER OF NJ & NY BAR
[3]MEMBER OF NJ DISTRICT COURT
[4]MEMBER OF NY BAR ONLY
[5]MEMBER OF U.S. COURT OF CLAIMS & U.S. SUPREME COURT
♦CRIMINAL TRIAL ATTORNEY CERTIFIED BY NJ SUPREME COURT
*MUNICIPAL LAW ATTORNEY CERTIFIED BY NJ SUPREME COURT



**ZIEGLER**
—LAW GROUP LLC—

651 W. MT. PLEASANT AVE., STE. 150
LIVINGSTON, NJ 07039
PHONE: (973) 533-1100
FAX: (973) 533-1144
www.zieglerlawgroupllc.com

November 18, 2025

<u>**Via E-FIling**</u>
Hon. Katharine S. Hayden
District Judge
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   <u>United States v. Daniel Torres</u>
      Docket No.: 3:24-cr-278 (KSH)

Dear Judge Hayden:

This firm represents Daniel Torres in the above-captioned matter. On or about June 10, 2024, Mr. Torres was indicted by a federal grand jury on various drug charges. Said indictment was superseded on or about November 10, 2025. Trial is slated to commence on December 8, 2026.

It is respectfully requested that the Court accept this Letter Brief on behalf of Mr. Torres in support of his motion challenging the authority of Alina Habba ("Habba"), the Acting United States Attorney for the District of New Jersey, and any Assistant United States Attorney acting on

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 2

Habba's behalf, and for a continuance of the trial date while Habba continues to act unconstitutionally as the United States Attorney. For the reasons that follow, the Court should disqualify the United States Attorney's Office from prosecuting its case against Mr. Torres and enter an order adjourning the December 8, 2025 trial date.

<u><b>STATEMENT OF RELEVANT FACTS/PROCEDURAL HISTORY</b></u>

On or about June 10, 2024, Mr. Torres was indicted on two counts as follows:

- **Count One**: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, contrary to 21 U.S.C. §841(a)(1) and (b)(1)(C); 21 U.S.C. §846.

- **Count Two**: Possession with Intent to Distribute Cocaine, contrary to 21 U.S.C. §841(a)(1) and (b)(1)(C); 18 U.S.C. §2. (ECF No. 1).

On or about June 16, 2025, this Court denied the Defendant's motion to suppress evidence. (ECF No. 56). Thereafter, on August 1, 2025, Defendant's original counsel was relieved from the matter, and the undersigned was assigned as trial counsel for Mr. Torres. (ECF No. 64 & 65).

On or about November 10, 2025, the Grand Jury superseded the above-outlined indictment, to charge the same alleged conduct but changing the subsection of the pertinent statute from 21 U.S.C. §841(a)(1) and (b)(1)(*C*) to U.S.C. §841(a)(1) and (b)(1)(*A*). (ECF No. 77).

Representing the United States of America on behalf of Habba is Andrew Trombley ("AUSA Trombley") and Eli Jacobs ("AUSA Jacobs"). Trial is scheduled to begin with jury selection on December 8, 2025.

Notably, and relevant here, a brief summary of the facts pertaining to Habba's authority is warranted. On March 3, 2025, after Philip Sellinger's resignation, John Giordano ("Giordano")

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 3

was appointed Interim United States Attorney by Attorney General Pamela Bondi.[1] Shortly thereafter, Habba was appointed Interim United States Attorney for the District of New Jersey on March 28, 2025. Habba's appointment ended 120 days following the appointment of Giordano on July 1, 2025 pursuant to 28 U.S.C. § 546(c)(2).[2] On July 22, 2025, pursuant to 28 U.S.C. § 546(d),[3] the United States District Court for the District of New Jersey appointed Desiree Grace ("Ms. Grace") as United States Attorney. On July 24, 2025, Habba was appointed Special Attorney and First Assistant United States Attorney. On July 26, 2025, President Donald J. Trump terminated Grace from her position, whereby Habba unlawfully acquired the position of United States Attorney for the District of New Jersey.

---

[1] Vikas Khanna, the First Assistant to Philip Sellinger, became the Acting United States Attorney on January 8, 2025, upon Philip Sellinger's resignation.
[2] 28 U.S.C. § 546(c)(2) provides that "[a] person appointed as United States attorney under this section may serve until the earlier of—(2) the expiration of 120 days after appointment by the Attorney General under this section."
[3] 28 U.S.C. § 546(d) provides that "[i]f an appointment expires under subsection (c)(2), the district court for such district may appoint a United States attorney to serve until the vacancy is filled."

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 4

# LEGAL ARGUMENT

The Court should disqualify the United States Attorney's Office from prosecuting Mr. Cifelli because Habba is unconstitutionally acting as the Interim United States Attorney for the District of New Jersey and infringing on Mr. Torres' constitutional rights.

### I. Habba Is Not Lawfully Appointed United States Attorney and Her Continued Supervision of This Case Is Unconstitutional.

As an initial matter, Habba is not duly authorized to act in any capacity as the United States Attorney for the District of New Jersey and her continued supervision over AUSAs Trombley and Jacobs in the prosecution of Mr. Torres is unconstitutional. On August 21, 2025, Chief Judge Matthew W. Brann of the United States District Court for the Middle District of Pennsylvania unequivocally held that Habba was exercising her functions as United States Attorney for the District of New Jersey "without lawful authority" and any such action made by her "may be declared void." *United States v. Giraud*, Crim. No. 24-768, 2025 WL 2416737, at *1 (D.N.J. Aug. 21, 2025).[4]  The Court held that Habba was unlawfully appointed Special Attorney and First Assistant, and "unlawfully delegated all of the powers of the United States Attorney." *Id.* at *28.  Specifically, the Court concluded that on July 1, 2025, once the 120-day statutory period expired under 28 U.S.C. § 546(c)(2), Habba was not "statutorily eligible to perform the functions and duties of the office of the United States Attorney." *Id.* at *9.

In addition to the Court's clear holding that Habba was unconstitutionally performing the role of United States Attorney, the Court concluded that nearly every action of the federal government as it pertained to Habba's authority was unconstitutional or violated some federal

---

[4] Raising issue as to the validity of the superseding indictment, which the Defendant reserves the right to challenge pending the outcome of the present motion to disqualify.

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 5

statute. *See id.* at *15 ("[T]he Executive may not appoint a first assistant after the vacancy and have that person begin performing the functions and duties of the vacant office"); *see also id.* at *20 (noting that "Ms. Habba has been delegated all of the powers of the United States Attorney [despite being labeled a Special Attorney] and is [unconstitutionally] acting on a level equal to one holding the office").

In light of Chief Judge Brann's decision and the fact that the Assistant United States Attorneys assigned to prosecute this matter continue to act on behalf of Habba, the Court should disqualify them and any subsequent United States Attorney seeking to act on Habba's behalf. *See id.* at *30 ("Any Assistant United States Attorney who prosecutes [defendants] under the supervision or authority of Ms. Habba in violation of [this] Order is similarly subject to disqualification."). In this case, it is clear that the United States Attorney's Office for the District of New Jersey continues to act on Habba's behalf as evidenced by her name and signature on all recent filings in this matter, not the least of which is the superseding indictment. As Chief Judge Brann concluded, any action taken after July 1, 2025, the date where Habba unlawfully assumed the role of United States Attorney, is unconstitutional and shall be deemed void. Accordingly, trial—which is scheduled for December 8, 2025—must be adjourned, and the proposed scheduling order stayed.

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 6

## II. Habba's Continued Supervision is Unconstitutional Under the Federal Vacancies Reform Act.

As Chief Judge Brann held, Habba's continued supervision of Mr. Torres' prosecution is unconstitutional and violates the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3345, *et seq*. The FVRA provides that "[i]f an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office, . . . the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity." 5 U.S.C. §§ 3345(a), (a)(1). Chief Judge Brann held that under this statute, "the Executive may not appoint a first assistant after the vacancy and have that person begin performing the functions and duties of the vacant office." *Giraud*, 2025 WL 2416737 at *15.

Consequently, Habba's supervision of Mr. Torres's case not only continues to violate Section 3345(a)(1) of the FVRA—given that a first assistant can only take the office in an acting capacity if the person was first assistant at the time the vacancy occurs, which was not the case here—but also violates subsection (b)(1) of the FVRA, which "prohibit[s] any person who has been nominated to fill any vacant office from performing that office's duties in an acting capacity." *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 304 (2017). Chief Judge Brann never addressed whether Habba's re-appointment violated Section 3345(b)(1) in light of his conclusion that she was ineligible to serve as United States Attorney under subsection (a)(1). *See Giraud*, 2025 WL 2416737, at *13 ("The Court agrees with the defendants on the first issue and, having found that Ms. Habba's appointment violates the FVRA, does not reach the second."). Nonetheless, this

ZIEGLER LAW GROUP LLC

November 18, 2025
Page 7

Court should affirmatively find Habba and the Assistant United States Attorneys acting on her behalf ineligible and disqualified under both Sections 3345(a)(1) and (b)(1).

Accordingly, because the Assistant United States Attorneys assigned to this case continue to act on behalf of Habba, they should be disqualified, and trial should be adjourned.

### III. Ms. Habba's Continued Supervision Over Mr. Torres's Prosecution Violates the Separation of Powers Doctrine.

In addition to the above, the framework of the FVRA is "designed to carefully balance the separation of powers and prevent 'one branch's aggrandizing its power at the expense of another branch' while at the same time ensuring that the work of Government gets done." *Giraud*, 2025 WL 2416737, at *5 (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878 (1991)). By appointing Habba Special Attorney and First Assistant on July 24, 2025, after she was lawfully replaced by Ms. Grace, the Executive Branch has unconstitutionally attempted to circumvent the text and purpose of 28 U.S.C. § 546(d), which expressly delegates to the United States District Court the power to appoint a United States Attorney upon the expiration of 120 days after appointment by the Attorney General. The Executive Branch has thus violated the separation of powers doctrine and continues to do so by Habba's unconstitutional and unlawful supervision over Mr. Torres's prosecution.

### CONCLUSION

For the foregoing reasons, the Court should disqualify the United States Attorney's Office from prosecuting Mr. Torres and adjourn the December 8, 2025 trial date until a validly authorized United States Attorney supervises the prosecution of this matter. This Motion should therefore be **GRANTED**.

**ZIEGLER LAW GROUP LLC**

November 18, 2025
Page 8

                                                             Respectfully submitted,

                                                             *s/ Jason J. LeBoeuf*

                                                             JASON J. LEBOEUF, ESQ.

JJL/mg

cc:     AUSAs Andrew Trombley & Eli Jacobs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**DANIEL TORRES**<br>    Defendants. | Criminal Action No. 2:24-cr-378(KSH)<br><br>**[PROPOSED] ORDER** |

**THIS MATTER** comes before the Court upon Defendant Daniel Torres ("Mr. Torres" or "Defendant") Motion for a continuance of the December 8, 2025 trial date and to disqualify the Unites States Attorney's Office for the District of New Jersey from prosecuting Mr. Torres while Alina Habba continues to supervise his case. Having reviewed the submissions filed in connection to the Motion,

**IT IS** on this __ day of _____ 2025,

**ORDERED** that the Motion (ECF No. __) is hereby **GRANTED**; it is further

**ORDERED** that the December 8, 2025 trial date is hereby adjourned until a date as further ordered by the Court; and it is further

**ORDERED** that the Assistant United States Attorneys assigned to this case are hereby disqualified from prosecuting Mr. Torres until Alina Habba ceases her supervision of this prosecution.

_____
KATHERINE S. HAYDEN
UNITED STATES DISTRICT JUDGE