**ZIEGLER LAW GROUP, LLC**
Jason J. LeBoeuf, Esq. (#033612001)
651 Old. Mt. Pleasant Avenue, Suite 150
Livingston, New Jersey 07039
(973) 533-1100/ (973) 533-1144 (f)
jason@zlgllc.com
Attorney(s) for Defendant, Daniel Torres

------------------------------------------------------------X
UNITED STATES OF AMERICA,

- against -                                               Docket No.: 2:24-cr-378-KSH

                                                  **NOTICE OF MOTION TO**
                                                  **DISMISS SUPERSIDING**
                                                         **INDICTMENT**

DANIEL TORRES

                                   Defendant.
------------------------------------------------------------X

To:

    ***Via Efiling***
    The Honorable Katherine S. Hayden, U.S.M.J.
    District Court of New Jersey
    M.L. King Jr. Bldg. & Courthouse
    50 Walnut Street
    Newark, New Jersey 07102

    ***Via Efiling***
    AUSA Jacobs Eil
    United States Attorney's Office
    970 Broad Street
    Newark, New Jersey 07102

        **PLEASE TAKE NOTICE** that on a time and date to be set by the Court, if necessary, Counsel for the Defendant, Daniel Torres, shall move before the District Court of New Jersey, the Honorable Katherine S. Hayden, U.S.M.J., presiding for a Motion to Dismiss and 2nd Motion to Disqualify.

**IN SUPPORT OF SAID MOTIONS**, the Defendant will rely upon the attached Certification of Counsel, with exhibits.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

Dated: December 12, 2025

                                        Respectfully submitted,

                                        *s/ Jason J. LeBoeuf*
                                        **Jason J. LeBoeuf, Esq.**
                                        651 Old. Mt. Pleasant Avenue, Suite 150
                                        Livingston, New Jersey 07039
                                        (973) 533-1100/(973) 533-1144 (f)
                                        jason@zlgllc.com

**ZIEGLER LAW GROUP, LLC**
Jason J. LeBoeuf, Esq. (#033612001)
651 Old. Mt. Pleasant Avenue, Suite 150
Livingston, New Jersey 07039
(973) 533-1100/ (973) 533-1144 (f)
jason@zlgllc.com
Attorney(s) for Defendant, Daniel Torres

-----------------------------------------------------------X
UNITED STATES OF AMERICA,

- against -                                                                           Docket No.: 2:24-cr-375-KSH

**ORDER**

DANIEL TORRES,

        Defendant.
-----------------------------------------------------------X

  **THIS MATTER** having been opened to the Court by Jason J. LeBoeuf, Esq., counsel for defendant, Daniel Torres., and A.U.S.A. Eli Jacobs for the Government having been heard, it is therefore

  **ON THIS** _____ day of _____, 2025;

  **ORDERED** that the Motion for _____

                _____
                The Honorable Katherine S. Hayden, U.S.M.J.

3

**MEMBERS**
VIKKI S. ZIEGLER-PAYNE[1]
POLINA M. DOSTALIK[2,3]
JASON J. LEBOEUF[3,♦]
FRANCINE M. ASTER[3]

**OF COUNSEL**
JARED W. DEROSSO[4]
ELIZABETH M. VINHAL[2]
TARA JONES WILLECKE[2]
CAROLE A. HAFFERTY
JOSHUA H. REINITZ[3,*]

E-Mail: jason@zlgllc.com

**ASSOCIATES**
MICHAEL J. EVANS
THOMAS A. GROSSI
KRISTEN E. BLUCHER
FAWN B. DYER[3,5]
AVONNÈT BELL
KERDESHA DESIR[3]



651 W. MT. PLEASANT AVE., STE. 150
LIVINGSTON, NJ 07039
PHONE: (973) 533-1100
FAX: (973) 533-1144
www.zieglerlawgroupllc.com

[1]MEMBER OF NJ, NY & DC BAR
[2]MEMBER OF NJ & NY BAR
[3]MEMBER OF NJ DISTRICT COURT
[4]MEMBER OF NY BAR ONLY
[5]MEMBER OF U.S. COURT OF CLAIMS & U.S. SUPREME COURT
[♦]CRIMINAL TRIAL ATTORNEY CERTIFIED BY NJ SUPREME COURT
[*]MUNICIPAL LAW ATTORNEY CERTIFIED BY NJ SUPREME COURT

December 12, 2025

**Via E-FIling**
Hon. Katharine S. Hayden
District Judge
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   United States v. Daniel Torres
      Docket No.: 3:24-cr-278 (KSH)

Dear Judge Hayden:

This firm continues to represent Daniel Torres in the above-captioned matter. It is respectfully requested that the Court accept this Letter Brief in lieu of a more formal memorandum of law in support of the Defendant's motions to disqualify the United States Attorney's Office ("USAO") from prosecuting this matter and to dismiss the superseding indictment.

**STATEMENT OF RELEVANT FACTS/PROCEDURAL HISTORY**

The Defendant adopts and incorporates by reference the Statement of Relevant Facts and Procedural History from its original motion to disqualify the United States Attorney's Office

New York Offices

3 Columbus Circle, 15th Floor
New York, New York 10019
(212) 255-5842

107 North Main Street
New City, New York 10956
(212) 255-5842

REPLY TO LIVINGSTON

ZIEGLER LAW GROUP LLC

December 12, 2025
Page 2

submitted to this Court on November 18, 2025. (ECF No. 80). To that prior submission the Defendant now adds the following:

At the time of said submission, trial was slated for December 8, 2026. However, in light of the Defendant's pending motion, trial was adjourned and is now scheduled for January 26, 2025. On November 24, 2025, a status conference was held by Your Honor, wherein it was determined (based upon Judge Brann's opinion in United States v. Mattheai), that this Court could in fact "case manage" Mr. Torres' matter while the United States Court of Appeals for the Third Circuit's decision in the matters of United States v. Giraud and Pina was pending.

Thereafter, on or about December 1, 2025, United States Court of Appeals for the Third Circuit in a precedential opinion upheld the ruling of the Honorable Matthew W. Brann, U.S.D.J. in the matters of the United States v. Giraud and Pina. United States v. Giraud, Nos. 25-2635, 25-2636, 2025 U.S. App. LEXIS 31083 (3d Cir. Dec. 1, 2025). As of the date of this writing, no stay or appeal of the Third Circuit's order has been filed or granted. As such, the Third Circuit's ruling that Judge Brann was correct in his assessment that Alina Habba was not the Acting United States Attorney for the District of New Jersey nor properly delegated the powers of a United States Attorney now holds in this District. Of note, a reading of these decisions marks the time at which Ms. Habba was no longer validly serving as Acting United States Attorney for the District of New Jersey as July 1, 2025. See United States v. Giraud, 2025 U.S. Dist. LEXIS 162451, *2 (Aug. 21, 2025).

Additionally, the following events and dates have bearing on the matter presently before this Court. The date of J. Brann's original decision and order disqualifying Alina Habba was

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 3

August 21, 2025. Said order was stayed pending any appeals. The Government appealed J. Brann's decision on August 25, 2025.

Following, the Third Circuit's ruling, Alina Habba "resigned" from her position on December 8, 2025. Thereafter, on that same day, the United States Attorney General assigned three separate individuals to head three separate "departments" within the United States Attorney's Office for the District of New Jersey. Press Release, Office of Public Affairs, United States Department of Justice, *Department of Justice Leadership Announces New Personnel Appointments and Authorizations in the District of New Jersey* (Dec. 8, 2025), https://www.justice.gov/opa/pr/department-justice-leadership-announces-new-personnel-appointments-and-authorizations.

Furthermore, while the Third Circuit's decision was pending, on or about November 24, 2025, the Eastern District of Virginia using almost identical reasoning as J. Brann (and in fact citing to his decision) similarly disqualified Ms. Lindsay Halligan as Acting United States Attorney for that District in the matter of United States v. James Comey, No. 1:25-cr-00272-MSN, 2025 LX 596669, at *2 (E.D. Va. Nov. 24, 2025). The Court in Comey went a step further and dismissed the indictment in that matter, brought both directly by and under the authority of the improperly appointed United States Attorney for that district, without prejudice. Id. at *24-26.

## LEGAL ARGUMENT

Defendant adopts and incorporates the argument espoused in his original submission of November 18, 2025. (ECF No. 80). Said argument having now been upheld by the Third Circuit, and the disqualified individual having "resigned", the question arises: now what? The Government will undoubtedly argue that the Attorney General's designation of three separate individuals

Ziegler Law Group LLC

December 12, 2025
Page 4

somehow satisfies any of the statutes that deal with the appointment of a United States Attorney for the District. The Defendant argues it does not and moves this Court anew for the disqualification of the United States Attorney's Office from prosecuting Mr. Torres as there remains no constitutionally or statutorily assigned United States Attorney for the District of New Jersey. Furthermore, the Defendant moves this Court to dismiss the superseding indictment entered against him and signed by the now disqualified Alina Habba on November 10, 2025—one hundred and thirty-two (132) days after her tenure had ended.

    I.    **THE UNITED STATES ATTORNEY'S OFFICE SHOULD BE DISQUALIFED FROM PROSECUTING THIS MATTER.**

"The United States Attorneys' offices are some of the most critical agencies in the Federal Government. They play an important role in the criminal and civil justice systems and are vital in keeping our communities safe." Giraud, 2025 U.S. App. LEXIS 31083, at *2 (3d Cir. Dec. 1, 2025). Because of that importance, as the Third Circuit noted, "[T]he citizens of New Jersey and the loyal employees in the U.S. Attorney's Office deserve some clarity and stability." Id. Yet, today, even after the District Court clearly outlined the proper procedure for the appointment of a U.S. Attorney for this (or any) District; a decision in lockstep with this by the Eastern District of Virginia; the ratification of the logic employed in so doing by the Third Circuit Court of Appeals; and the resignation of the now determined-to-be-invalid official unlawfully exercising the powers of that office, we are no closer to clarity or stability.

While it is unnecessary to rehash the arguments made in his effort to disqualify this office while under the improper guidance of Habba, or the District or Circuit Court's reasoning in upholding said argument, the same contentions hold true for the current structure of leadership in the USAO for this District. Nowhere, in the Federal Vacancies Reform Act ("FVRA"), does it

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 5

allow for this three-headed management structure now in place. This Office continues to operate in circumvention of the Presidential appointment and Senatorial consent (commonly referred to as "PAS") portion of the United States Constitution as well as the statutory schemes lawfully enacted in order to deal with contingencies such as the one that has befallen this District.

Interestingly, both the District and Circuit Courts, while not ruling on the issue the Defendant now moves this Court to decide (i.e. delegation of the Office's authority to a multitude of individuals), both Courts did address the contingency as a foreseeable possibility. The Circuit Court indicated, "Moreover, as the District Court noted, our decision that the delegation of all powers of a U.S. Attorney would run afoul of the FVRA's exclusivity provision does not necessarily mean that some delegation by the Attorney General to Habba—or to any First Assistant United States Attorney—would not be permissible. Giraud, 2025 U.S. App. LEXIS 31083, at *37 (citing Giraud, 2025 U.S. Dist. LEXIS 162451, at *63, n. 257) (wherein J. Brann stated, "I do not express any opinion on the possibility of parceling out these duties [i.e. those nonexclusive and delegable duties not outlined in 5 U.S.C. §3348's "function or duty"] to separate individuals or delegating only a clearly limited subset of nonexclusive and delegable duties."). However, the Circuit Court did make clear that "general vesting and delegation statutes may not be used to "temporarily authoriz[e] an acting individual to perform the functions and duties of any [PAS] office.". Id. at *7.

Ironically, it was the government that vetoed this possibility as "*reductio ad absurdum.*" Giraud, 2025 U.S. App. LEXIS 31083, at *37, citing Appellant's Br. 45. The Government did not find "why that distinction would be material." Id. Ultimately, the Court stated, "But it might be material, as it is possible a more dispersed delegation of authority ***might*** not create a de facto U.S.

ZIEGLER LAW GROUP LLC

December 12, 2025
Page 6

Attorney and therefore *might* not run afoul of the FVRA's exclusivity provision—though we do not decide that today because those are not the facts of this case." Id. at *37-8, (emphasis supplied).

Now, those are the facts of the case, and this Court is urged to follow the Government's original position that "delegation to multiple individuals rather than one results in *reductio ad absurdum*." Id. This Court should find that the USAO for this District as presently constituted remains afoul of the FVRA, and therefore the only remedy available is the relief outline in 28 U.S.C. §546, particularly subsection (d) as all other subsections have been exhausted by virtue of Ms. Habba's tenure expiring on July 1, 2025.

The Defendant is not remiss in the acknowledgment of the consequences of the Court's granting of this motion. The Circuit Court citing to the Government's statement acknowledged as much when it stated, "interpreting the FVRA's exclusivity provision to bar individuals from exercising delegable powers would undermine the operation of the federal government." Id., citing Appellant's Br. 45. However, in response the Court noted, "this delegation theory would create a means for the Department of Justice to circumvent the FVRA's exclusivity provision effectively permitting anyone to fill the U.S. Attorney's role indefinitely. This should raise a red flag, given the careful time limitations included in both the FVRA and the U.S. Attorney specific statute." Id. In fact, the District Court had stated in its initial decision that interpreting the FVRA in the manner proposed by the Government would create "a gaping loophole in this tightly crafted scheme meant to provide only limited flexibility and prevent "manipulation" [of the process].". Giraud, 2025 U.S. Dist. LEXIS 162451, at *43. The same logic holds true for the bestowal of power to a triumvirate. And most notably to Mr. Torres and all criminal defendants in the District, an individual tasked with overseeing the USAO's "criminal section" is, for all intents and purposes,

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 7

the *de facto* United States Attorney for the District—policing the federal criminal code being the primary function of the office in question.

The bottom line is the USAO for this District continues to operate in circumvention of validly enacted legislation outlining the filling of federal vacancies. The current structure, the very structure dismissed by the Government in its own unsuccessful appeal, is another attempted end-around the FVRA. And while not decided on in Giraud, clear constitutional provisions continue to be disregarded as the Executive continues to fail to appoint an individual to the vacant post for Senate approval. Again, in the absence of this valid methodology for filling this post, the only acceptable way for the vacancy to be filled is via 28 U.S.C. 546(d). Until then, the USAO for the District of New Jersey is a rudderless ship, and no prosecutions to which an individual defendant does not consent should proceed. Mr. Torres does not consent under the current structure and respectfully requests this Court disqualify this office from prosecuting this matter.

II. **THE SUPERCEDING INDICTMENT, FILED NOVEMBER 10, 2025, SHOULD BE DISMISSED.**

The Defendant was originally indicted on June 10, 2024. (ECF No. 1). On June 16, 2025, this Court denied the Defendant's Motion to Suppress Evidence. (ECF No. 56). Thereafter, on August 1, 2025, Defendant's original counsel was relieved, and the undersigned was assigned as trial counsel for Mr. Torres, pursuant to the Criminal Justice Act ("CJA"). (ECF Nos. 64-65). Thereafter, the Government represented the matter to the Grand Jury for the purposes of elevating the original charge of a violation to U.S.C. §841(a)(1) & (b)(1)(C) to subsection (b)(1)(A). Said change clearly marked a significant difference in Mr. Torres' exposure. On November 10, 2025,

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 8

said superseding indictment was returned and signed by "Alina Habba, Acting United States Attorney." (ECF No. 77).

As stated *infra*, the following seminal and relevant events occurred between the original indictment of June 16, 2024, and the superseding indictment of November 10, 2025. First and foremost, on March 28, 2025, Alina Habba became the District's Acting United States Attorney, replacing John Giordano, who had been assigned on March 3, 2025. Next, on July 1, 2025, Habba's tenure as Acting United States attorney ended. On July 22, 2025, the District Court assigned Desiree Grace, Acting United States Attorney, effective July 1, 2025 (the date that Habba's role was supposed to have ended.) Through a series of maneuvers, Habba remained in the position and Grace was terminated outright from the USAO for the District of New Jersey. On August 21, 2025, the USAO for the District of New Jersey was placed on notice that Alina Habba was improperly serving in her position as Acting United States Attorney and had been so since July 1, 2025. Furthermore, her signature on the indictment of Defendant Pina was deemed void. See U.S. v. Giraud, supra.

While it is conceded that J. Brann stayed his order and its effects pending appeal, it is incontrovertible that the United States Attorney's Office for the District of New Jersey was keenly aware that there was a problem with indictments signed by Alina Habba after July 1, 2025. This is evidenced not only in the clear language of J. Brann's order, but by virtue of the fact that the Government appealed J. Brann's decision and order four days later.

Furthermore, it should be noted that while J. Brann denied Pina's motion to dismiss his indictment, he did so on grounds that an in-camera review of documents provided by the

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 9

Government yielded her lack of participation directly in the presentment.[1] Moreover, said documents demonstrated that line prosecutors had already sought approval to submit Mr. Pina's matter to Grand Jury prior to the decisive date of July 1, 2025. For reasons espoused *supra*, the Government will not be able to make such a demonstration in this matter and as such, the Court is respectfully requested to dismiss the superseding indictment.

As it has already been determined that Ms. Habba's appointment for any time exceeding July 1, 2025 and the actions she took as Acting United States Attorney thereafter being voided, there remains no need to rehash that element of a motion to dismiss. Sufficed to state at this juncture, the dismissal of the indictment is warranted because Habba was not exercising lawful governmental authority. Habba exercising power that she did not lawfully possess (including as a result of a lack of proper appointment) renders those actions void. Collins v. Yellen, 594 U.S. 220, 257-258 (2021); see also Ryder v. United States, 515 U.S. 177 (1995); Lucia v. SEC, 585 U.S. 237 (2018); United States v. Trump, 740 F. Supp. 3d, 1245 (S.D. Fla. 2024). Quite succinctly, Habba should not have signed indictments at any point after July 1, 2025.

Nevertheless, a further analysis of the reasons why the Court should dismiss Mr. Torres' indictment is warranted.

First and foremost, on the date Ms. Habba signed Mr. Torres' superseding indictment as Acting United States Attorney, November 10, 2025 (one hundred and thirty-two (132) days after her tenure lawfully ended, and fifty (50) days after the Office was informed she should not be

---

[1] It should be noted that the denial of Pina's Motion to Dismiss was not subject to the Third Circuit Court of Appeals review, and thus, undecided as of this writing by the Circuit Court. United States v. Giraud, 2025 U.S. App. LEXIS 31083, at *11-2, n. 2 (3d Cir. Dec. 1, 2025).

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 10

signing indictments by virtue of J. Brann's decision) she was not acting with legal authority to do so.

>   Section 3348 of the FVRA provides that:
>
>   (1) An action taken by any person who is not acting under section 3345, 3346, or 3347, or as provided by subsection (b), in the performance of any function or duty of a vacant office to which this section and sections 3346, 3347, 3349, 3349a, 3349b, and 3349c apply ***shall have no force or effect.***
>   (2) An action that has no force or effect may not be ratified.

5 U.S.C. §3348(d)(emphasis supplied). When a federal prosecutor lacks the proper authority to act, including obtaining a grand jury indictment, it is routine for courts to dismiss the indictment. See e.g., United States v. Williams, 65 F.R.D. 422, 448 (W.D. Mo. 1974)(dismissing he indictment with prejudice where the government failed to comply with orders demonstrating that two DOJ Special Attorneys had the authority to act in the district); United States v. Huston, 28 F. 2d 451, 456 (N.D. Ohio 1928)(setting aside an indictment because a Special Assistant to the Attorney General who had been authorized to prosecute in certain federal district courts was not authorized to go before the Grand Jury and obtain an indictment in that district); United States v. Rosenthal, 21 F. 862, 873 (C.C.S.D.N.Y 1903)(dismissing indictment because a special assistant to the Attorney General was appointed only to investigate the case but exceeded his authority and became an "unauthorized prosecutor" by seeking grand jury indictment.) The Court stated, "There is vice in the vicissitude itself whereby the unauthorized prosecutor virtually supersedes the authorized prosecutor." Id., at 873. This is precisely what occurred in the present case, and as such the indictment signed by Habba has no force and effect, cannot be ratified and must be dismissed.

The Government will undoubtedly argue as it did in Pina that the indictment does not require dismissal because Habba was not involved. As stated *supra*, J. Brann's decision not to

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 11

dismiss the indictment was based in large part on this contingency, as well as the timing of the line prosecutor's seeking Grand Jury presentment approval. To this argument, the Defendant hereby respectfully requests this Court to conduct a similar review of internal documents and memoranda for the USAO pertaining to this case, but not solely this case. Because the Defendant also draws a significant distinction between his case and Pina's. One that not only expands the scope of the documents the Court should review, but that also mandates dismissal in this case, regardless of the documentation received.

   That distinction is while it would serve as little to no surprise to the undersigned to learn that Habba had no direct involvement in the superseding indictment levied against Mr. Torres, the inescapable fact remains that an officewide conscious decision to continue to present matters to the Grand Jury in the face of J. Brann's decision could only have come from the upper echelon of the United States Attorney Office for this District. And while there may exist no internal memoranda to that effect, it flies in the face of reason, that the person who was the subject of J. Brann's decision invalidating her signature on indictments, and who believed her position as Acting United States Attorney for the District was lawful (as evidenced by the immediate appeal and her continuing to conduct the role of United States Attorney pending appeal) played no part in that deliberate decision to continue to not only present matters to the Grand Jury, but also to sign the indictments.

   Furthermore, an even greater distinction can be drawn in this case, inasmuch as this was a superseding indictment. As such, there were no concerns with regard to the time allotted in which to indict Mr. Torres. He was already indicted.

**ZIEGLER LAW GROUP LLC**

December 12, 2025
Page 12

As such, this Court can draw a distinction between the Pina indictment—an original indictment brought shortly after Habba's tenure lawfully ended and well before the unlawfulness of her actions was judicially determined—and Mr. Torres's indictment, 132 days after the end of her tenure and close to two months after she was informed she should not be signing indictments. Thus, the Cout is respectfully requested to dismiss the superseding indictment in this case.

## CONCLUSION

For the foregoing reasons, the Court should **GRANT** Mr. Torres' motion to disqualify the USAO because its current three-person structure still runs afoul of the FVRA and dismiss the November 10, 2025 superseding indictment because same was unlawfully obtained and executed.

Respectfully submitted,

*s/ Jason J. LeBoeuf*
JASON J. LEBOEUF, ESQ.

JJL/kd
cc:   AUSAs Andrew Trombley & Eli Jacobs