OFFICERS
Joshua C. Gillette
President
Jason J. LeBoeuf
President Elect
Robert C. Scrivo
Vice President/Treasurer
Adalgiza A. Nuñez
Vice President
Laura K. Gasiorowski
Vice President
Lorraine Gauli-Rufo
Secretary
TRUSTEES
David J. Bruno
Kevin A. Buchan
Mary J. Ciancimino
Anne M. Collart
Lois A. DeJulio
Adam M. Elewa
Timothy S. Farrow
Eric W. Feinberg
Andrew Gimigliano
Daniella Gordon
Alissa D. Hascup
Charles Kennedy
Brian D. Kenney
Marissa Koblitz Kingman
Marco A. Laracca
Tamar Lerer
Howard P. Lesnik
Jeffrey S. Mandel
James H. Maynard
Joseph M. Mazraani
Dillon J. McGuire
Marjan Moussavian
Emeka Nkwuo
Michael R. Rosas
Joseph J. Russo
Jennifer N. Sellitti
Michael T. Simon
Rachel E. Simon
Remi L. Spencer
Stephen Turano
PAST PRESIDENTS
Jennifer Mara
Matthew S. Adams
Mark H. Friedman
Aidan P. O'Connor
Linda D. Foster
John A. Azzarello
Sharon Bittner Kean
Judith B. Fallon
Christopher D. Adams
Michael A. Baldassare
Joseph D. Rotella
Darren M. Gelber
Timothy M. Donohue
Leslie Stolbof Sinemus
William H. Buckman
(1953-2014)
Donald A. DiGioia
John C. Whipple
Justin T. Loughry
Blair R. Zwillman
Robert S. Bonney, Jr.
John P. McDonald
Maria D. Noto
Richard S. Lehrich
Lawrence S. Lustberg
David A. Ruhnke
Hon. Barry T. Albin
Alan L. Zegas
Brian J. Neary
Hon. Cathy L. Waldor
Raymond F. Flood
Hon. Harvey Weissbard
Michael Critchley
Alan Silber
Carl D. Poplar
Miles R. Feinstein
(1941-2023)
Raymond M. Brown
Edwin J. Jacobs
Justin P. Walder
Francis J. Hartman
Joseph A. Hayden, Jr.
Ginny Whipple-Berkner
Executive Director



**ACDL-NJ**
**Association of Criminal Defense Lawyers of New Jersey**

P.O. Box 180 • West Allenhurst, New Jersey • 07711
(732) 517-1533 • Fax (732) 531-0397 • www.acdlnj.org

January 8, 2026

Hon. Matthew W. Brann
Chief United States District Judge
United States District Court for the District of New Jersey (by designation)
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

     *Re:*    *United States v. Naviwala*, D.N.J. Case No. 2:24-cr-00099-MWB
             *United States v. Torres*, D.N.J. Case No. 2:24-cr-00378-MWB

Dear Chief Judge Brann:

     I write as President of the Association of Criminal Defense Lawyers of New Jersey ("ACDL-NJ"). Our organization respectfully requests leave to appear as *amicus curiae* in the above-captioned matters and to file an *amicus* brief on the date that Defendants file their reply. As the Court is aware, the ACDL-NJ is the primary organized voice of the New Jersey criminal defense bar, with more than 500 members practicing daily in New Jersey's criminal courts. Our organization was granted leave to submit briefing and participate in oral argument as *amicus* in the prior proceedings in this Court, and again in the Court of Appeals for the Third Circuit. There are at least three reasons why the ACDL-NJ's participation is appropriate yet again.

     First, the government's January 3, 2026 opposition brief in the consolidated *Naviwala* and *Torres* cases (*Naviwala*, ECF 284) makes an argument that the ACDL-NJ should be permitted to meet head-on before this Court. In that filing, the government argues that New Jersey's criminal defense bar has implicitly consented to the designation of an "Executive Office" of three non-PAS officials (not appointed by the President and confirmed by the Senate) and its delegation to them, collectively, of all functions of the United States Attorney for the District of New Jersey. The government claims there has been such consent because "only a handful of defendants have expressed interest in challenging the USAO-NJ's current leadership structure, and only two defendants—Raheel Naviwala and Daniel Torres—have done so by formal motion." ECF 284 at 7. The ACDL-NJ is uniquely positioned to address this claim of consent, which we submit is erroneous and unsupported.

TRUSTEES EMERITI
Matthew P. Boylan (1932-2009) • Raymond A. Brown (1915-2009) • S.M. Chris Franzblau • Richard L. Friedman
M. W. Pinsky • Michael A. Querques (1929-2013) • Theodore V. Wells, Jr. • Warren W. Wilentz (1924-2010)

Second, the ACDL-NJ's participation is appropriate to ensure the orderly adjudication by this Court of challenges to the USAO-NJ's leadership brought by our members, especially given the growing risk of redundant and inconsistent rulings across the District. Just yesterday, our members were placed in a state of uncertainty when one District Judge issued nearly identical text orders in at least three different cases imposing drastic new procedural requirements for such challenges. The objectionable language is bolded and underlined:

> Following the then-recent decision of the court of appeals in United States v. Giraud, 160 F.4th 390 (3d Cir. 2025), the United States Attorney's Office announced new leadership. See Press Release, Off. of Pub. Affs., U.S. Dep't of Just., Department of Justice Leadership Announces New Personnel Appointments and Authorizations in the District of New Jersey (Dec. 8, 2025), https://www.justice.gov/opa/pr/department-justice-leadership-announces-new-personnel-appointments-and-authorizations (last accessed Jan. 7, 2026). Some defendants in other cases have maintained that this new leadership structure is unlawful. All legal challenges, on any issue, must be put forward on an orderly basis --- in part to ensure that eve of trial applications are not made that could require shifting a trial date. Any challenge to any aspect of the current leadership structure of the United States Attorney's Office must be filed on or before January 26. It shall be in the form of a motion, supported by an appropriate legal brief. **No challenge may be made after January 26. Any issues or challenges not raised on or before January 26 will be regarded by the Court as having been definitively and entirely abandoned --- waived and forfeited for all time, such that they cannot be pressed later, and such that further relief cannot later be sought on the basis of them, even in light of a later ruling by another court or a superior court**. So Ordered by Judge Michael E. Farbiarz on 1/7/2026.

*U.S. v. Kalra*, No. 2:25-cr-00783-MEF-1, ECF 23 (emphasis added); *see also U.S. v. Lopez*, No. 2:25-cr-00132-MEF-3 ([perma.cc/2FLG-EZKP](perma.cc/2FLG-EZKP)), ECF 271; *U.S. v. Haghighat*, No. 2:25-cr-00339-MEF-2 ([perma.cc/P64H-FK87](perma.cc/P64H-FK87)), ECF 332.

These orders are problematic for a number of reasons that the ACDL-NJ is prepared to address. For one, it is difficult to imagine how our members can comply with orders that require them to predict all future possible cases, arguments, and judicial decisions, under penalty of waiver "for all time[,]" even if the Third Circuit or Supreme Court renders a decision favorable to defendants. Further, matters challenging the leadership of the U.S. Attorney's Office have been transferred to this Court for adjudication. It follows that, to prevent unfair disparities among New Jersey defendants, the process counsel are required to follow to preserve claims should be uniformly established by this Court and this Court

Hon. Matthew W. Brann
January 8, 2026
Page 3

alone, with coordinated input from ACDL-NJ as the collective voice of the defense bar. Otherwise, if such orders become standard practice in the District of New Jersey, defendants in one courtroom could be subject to broad waiver sanctions while defendants just across the hall are permitted to defend themselves without the fear of waiving their rights for all time. Lastly, the ACDL-NJ should be permitted to address whether such broad, forward-looking waiver language is, as a matter of law, even enforceable. These are but a few of the difficulties presented by the text orders; all of them are appropriately addressed by our organization.

Third, the ACDL-NJ is the appropriate voice regarding the new leadership's use of the grand jury to obtain indictments. Our members represent many of the individuals against whom those indictments have been obtained. Our members also represent the presumptively innocent individuals who face a loss of liberty at detention hearings based on these indictments obtained by the current leadership. The legal uncertainty as to the validity of current leadership's supervisory authority continues to impose a needless burden on defendants and counsel at every stage of the process, which the ACDL-NJ will describe. Defendants and their counsel are entitled, at long last, to proceed without doubt about the lawful authority underlying plea offers, charging decisions, cooperation agreements, pretrial detention decisions, sentencing positions, and all of the other powers exercised by the United States Attorney's Office.

The ACDL-NJ will not duplicate the parties' arguments. Rather, our organization will address these broader issues. For these reasons, and consistent with the prior determinations permitting the ACDL-NJ's *amicus* participation, we respectfully request leave to submit an *amicus* brief, to be filed contemporaneously with the Defendants' reply brief.

Respectfully submitted,

Joshua C. Gillette
President, ACDL-NJ
jgillette@acdlnj.org

cc:        All Counsel of Record (via ECF)