**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,

      *Plaintiff*,

   v.

DANIEL TORRES,

      *Defendant*.

Crim No. 24-378 (KSH)

**ORDER**

This matter having come before the Court on the government's motion *in limine* (D.E. 85) and defendant Daniel Torres's opposition (D.E. 90), the Court has ruled as follows:

1.  For the reasons set forth on the record at the pretrial conference held on June 10, 2026, the government's request to use defendant's prior conviction (MIL #1) in its case in chief pursuant to Fed. R. Evid. 404(b) is DENIED without prejudice to renewal at trial, if appropriate.

2.  Based on the ruling in the previous paragraph, the government's request that defendant's prior judgment of conviction be treated as self-authenticating (MIL #2) is moot.

3.  The government's request that Det. Salov be permitted to testify as a lay witness regarding using Cellebrite to extract information from defendant's phone (MIL #3) was not opposed and is moot.

4.  The government's request that defendant be precluded from introducing testimony designed to elicit jury nullification (MIL #5) was, with one exception, unopposed, and is moot. To the extent the government sought, by this request, to preclude evidence of its charging decisions, for the reasons set forth on the record on June 16, 2026, the defense may inquire about the arrest and detention of individuals present on the day of the charged offenses but not about prosecutorial charging decisions.

1

5.  For the reasons set forth on the record on June 15, 2026, the government's request to exempt TFO Light from the witness sequestration order is DENIED.

**SO ORDERED** this 18th day of June, 2026.

*/s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J.
