JASON J. LeBOEUF, ESQ. (#03361-2001)
**ZIEGLER LAW GROUP, LLC**
651 OLD W. MT. PLEASANT AVENUE, SUITE 150
LIVINGSTON, NJ 07039
P: (973) 533-1100
E: JASON@ZLGLLC.COM
*Attorney(s) for* Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

**UNITED STATES OF AMERICA,**

**v.**                                                                    Case No.: 24-378


**DANIEL TORRES,**                                                **MOTION FOR JUDGMENT OF**
                                                                              **ACQUITTAL PER RULE 29**

                              **Defendant.**

-----------------------------------------------------------X

*Via Efiling*
The Honorable Katherine S. Hayden, U.S.D.J.
District Court of New Jersey
50 Walnut Street
Newark, New Jersey 07101

*Via Efiling*
AUSA Andrew Trombley
United States Attorney's Office
970 Broad Street, Room 700
Newark, New Jersey 07102


        **PLEASE TAKE NOTICE** that on a time and date to be set by the Court, if necessary, Counsel for the Defendant, Daniel Torres, shall move before the District Court of New Jersey, the Honorable Katherine S. Hayden, U.S.D.J., presiding, for an order seeking the entry of a judgment of acquittal against Defendant in accordance with Federal Rule of Criminal Procedure 29.

        **IN SUPPORT OF SAID MOTIONS**, the Defendant will rely upon the attached Letter Brief and annexed Certification of Defendant Daniel Torres.

        **PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

Respectfully submitted,

_____
Jason J. LeBoeuf, Esq. (#03361-2001)
ZIEGLER LAW GROUP, LLC
651 OLD W. MT. PLEASANT AVENUE
SUITE 150
LIVINGSTON, NJ 07039
(973) 533-1100
JASON@ZLGLLC.COM

Dated: July 27, 2026

2

**MEMBERS**
VIKKI S. ZIEGLER-PAYNE[1]
POLINA M. DOSTALIK[2,3]
JASON J. LEBOEUF[3,♦]
FRANCINE M. ASTER[3]
CAROLE A. HAFFERTY

**COUNSEL**
TARA JONES WILLECKE[2]

[1]MEMBER OF NJ, NY & DC BAR
[2]MEMBER OF NJ & NY BAR
[3]MEMBER OF NJ DISTRICT COURT
[4]MEMBER OF NY BAR ONLY
[5]MEMBER OF U.S. COURT OF CLAIMS & U.S. SUPREME COURT
♦CRIMINAL TRIAL ATTORNEY CERTIFIED BY NJ SUPREME COURT



**ZIEGLER**
—LAW GROUP LLC—

651 W. MT. PLEASANT AVE., STE. 150
LIVINGSTON, NJ 07039
PHONE: (973) 533-1100
FAX: (973) 533-1144
www.zieglerlawgroupllc.com

**ASSOCIATES**
MICHAEL J. EVANS
KRISTEN E. BLUCHER
FAWN B. DYER[3,5]
AVONNÈT BELL
KERDESHA DESIR[3]

**OF COUNSEL**
JARED W. DEROSSO[4]
ELIZABETH M. VINHAL[2]
JOSHUA H. REINITZ[3,*]

E-Mail: jason@zlgllc.com

July 27, 2026

**VIA PACER:**
The Honorable Katharine S. Hayden
United States District Judge
Frank R. Lautenberg Post Office and U.S. Courthouse
2 Federal Square
Newark, NJ 07101

Re: <u>United States v. Daniel Torres</u><br>Crim No.: 24-378

Dear Judge Hayden:

Please accept this letter brief in lieu of a more formal submission in support of Defendant Daniel Torres' ("Torres") Motion for a Judgement of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure ("Rule 29") and Motion to Dismiss the March 27, 2026 Superseding Indictment pursuant to the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution.

## **BRIEF FACTUAL AND PROCEDURAL HISTORY**

On March 27, 2026, the Government obtained a superseding indictment against Torres on two (2) counts:

New York Offices

3 Columbus Circle, 15th Floor
New York, New York 10019
(212) 255-5842

107 North Main Street
New City, New York 10956
(212) 255-5842

**REPLY TO LIVINGSTON**

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 2

- **Count One:** 21 U.S.C. § 846 Conspiracy to distribute and possession with intent to distribute cocaine

- **Count Two:** 21 U.S.C. § 841(a)(1); 841(b)(1)(A); 18 U.S.C. § 2 Possession with intent to distribute cocaine (aiding and abetting)

On June 15, 2026, trial commenced in this matter and spanned three (3) days. On June 18, 2026, following summations, the trial ended and the matter was submitted to the jury for deliberations. Jury deliberations took place on June 18th and June 22nd.

On June 18, 2026, the jury submitted a note to the Court (ECF No. 158 - Communication #3) requesting clarity on whether Count One was related to the cocaine that was confiscated in February 1, 2024 or whether Mr. Torres was being charged with generally conspiring to distribute any mixture of cocaine.

On June 22, 2026, the jury returned for deliberations and indicated to the Court that they had reached a verdict on one count but not the other (ECF No. 158). The jury submitted another note to the Court (ECF No. 155 - Communication #4), inquiring what would happen if they only reached a unanimous decision as to one count and not the other. The jury returned from deliberations and indicated to the Court that they reached a not guilty verdict on Count Two, but were still deliberating on Count One. The Court subsequently sent the jury back for deliberations. On the same day, the jury sent another note to the Court (ECF No. 155 - Communication

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 3

#6) notifying the Court that they were unable to reach a unanimous decision as to Count One. Following same, the Court issued <u>Allen</u> charges to the jury and sent them back to return to deliberations to come to a decision. However, following same, the jury recommenced deliberations, but later indicated to the Court that they could not reach a unanimous decision as to Count One. The Court subsequently ruled a mistrial as to Count One, over the objection of Mr. Torres.

Per the June 24, 2026 Scheduling Conference, this matter is set for a second trial commencing on September 28, 2026.

## **LEGAL ARGUMENT**

### I.   **TORRES IS ENTITLED TO A DIRECTED VERDICT BECAUSE THE GOVERNMENT HAS FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT HE IS GUILTY ON ALL COUNTS**

#### A. <u>Legal Standard</u>

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, a court may enter an acquittal when the evidence is insufficient as a matter of law. In ruling on a motion for acquittal under Rule 29, a district court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof beyond a reasonable doubt based on the available evidence.'" <u>United States v. Smith</u>, 294 F.3d 473, 476 (3d Cir. 2002) (quoting <u>United States v. Wolfe</u>, 245 F.3d 257, 262 (3d Cir. 2001)). The court should overturn the

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 4

verdict based on insufficient evidence "'where the prosecution's failure is clear.'" Smith, 294 F.3d at 477 (quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)); United States v. Picciotti, 40 F. Supp. 2d 242, 245 (D.N.J. 1999) (quoting United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984)) ("'the court [must] review[] the totality of the circumstances'" when evaluating motion based on insufficient evidence). In sum, a district court should grant a Rule 29 motion where evidence of an element of an offense is insufficient as a matter of law to support the jury's verdict and sustain a conviction. See, e.g., United States v. Terselich, 885 F.2d 1094, 1097-98 (3d Cir. 1989) (discussing the standard where requisite evidence of intent in committing crime was lacking).

### B. **June 15, 2026 trial on the March 27,  2026 Indictment**

In the present case, the evidence presented at trial – even giving the prosecution the benefit of a review in a light most favorable – does not satisfy what is required by Rule 29.

As an initial matter, though not in dispute herein, it is important to note that, as for Count Two of the Indictment, the jury found Defendant not guilty as to aiding and abetting on February 1, 2024. The jury found the available evidence insufficient to support the charge. Thus, per Rule 29, the "prosecution's failure is clear." Smith, supra.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 5

As for Count One of the Indictment, after multiple days of deliberations, the jury was unable to reach a unanimous decision regarding same. The Government's case-in-chief purported to prove that Defendant conspired with the other present individuals or anyone in order to sell cocaine on February 1, 2024 to two (2) confidential sources. However, the Government failed to proffer any evidence that Mr. Torres had any involvement on February 1, 2024, other than that he happened to be in the same grocery store parking lot on the date in question. It is important to note the available evidence includes that none of the video surveillance shows Mr. Torres exiting the vehicle or interacting with anyone at the parking lot (5T:246-2-7; 5T:248-20-5T:253-3, 5T:273-2-4)[1], Mr. Torres was arrested after the vehicle he was in left the parking lot, and Abel Torres specifically told law enforcement that Mr. Torres had no involvement in the alleged incident. (5T:239-23-5T:240-13). In fact, TFO Light admitted that prior to his arrest on February 1, 2024, law enforcement was unaware of the existence of Daniel Torres. (5T:224-17-24).

The Government's case-in-chief relied upon Defendant's supposed post-arrest confession and the videos later found on one of his phones. However, as to the confession, unlike in most matters, the Government was unable to produce any video or audio of Mr. Torres' alleged confession, contending that same did not exist and

---

[1] "5T" refers to the June 17, 2026 trial transcript.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 6

they only have the written statement in the report of TFO Light. (4T:131-18 – 4T:132-11)[2]. Second, as to Torres' phone, the Government proffered no evidence demonstrating any communications between Torres and any of the individuals present on February 1, 2024 prior to that date that would support a finding that he was a part of the February 1, 2024 incident. (5T:202-4-12). Additionally, regarding the videos, the Government failed to provide the jury with sufficient evidence that would even remotely suggest that any of the videos in Defendant's phone were connected in any manner to the February 1, 2024 incident. (5T:255-15-5T:256-10)

Furthermore, the Government failed to proffer sufficient evidence that would suggest Defendant was involved in any conspiracy to distribute cocaine between November 2023 through to February 1, 2024. The Government did not produce evidence proving that the substances in the video were in fact cocaine or any controlled substances. (5T:202-13-18; 5T:202-19-5T:203-14). In fact, half of the jury communications to the Court were concerning deliberations regarding Count One of the Indictment and whether they were being charged with determining whether Mr. Torres was involved in the February 1, 2024 incident or *any* similar transaction. The jury was unable to come to a unanimous agreement as to whether the existence of the videos and communications from Mr. Torres' phone

---

[2] "4T" refers to the June 16, 2026 trial transcript.

Case 2:24-cr-00378-KSH   Document 171   Filed 07/27/26   Page 9 of 21 PageID: 2015

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 7

demonstrated that he conspired or participated in a drug distribution conspiracy with any individuals.

Even if viewed in the light most favorable to the prosecution, after multiple days of jury deliberation, the jury could not reach a unanimous decision as to Count One, which is whether Mr. Torres: (1) agreed with, at a minimum, one other individual to distribute or possess with the intent to distribute a controlled substance, (2) was a party/member to that agreement knowing its criminal objective, and (3) that he knowingly shared a unified purpose with another individual to achieve that objective. Thus, as a matter of law, the Government failed to prove beyond a reasonable doubt that Mr. Torres was guilty on all counts. Therefore, this Court must render a judgment of acquittal as to Count One as the available evidence presented was clearly insufficient for a rational trier of fact to find Mr. Torres guilty as charged.

Given the insufficiency of the evidence presented by the Government with respect to Count One, this Court should correctly enter a judgment of acquittal and bar the Government from retrying Mr. Torres as to same. As argued *infra*, the jury in this matter was unable to come to a unanimous decision with respect to Count One. The Government was unable to produce sufficient evidence to prove beyond a reasonable doubt at the first trial that Mr. Torres was involved in *any* CDS activity during the dates alleged in the Superseding Indictment.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 8

Moreover, the evidence presented in the first trial by the Government with respect to Count One, which was primarily the testimony of TFO Light and the results from the cellphone extraction, was found by the jury to be insufficient to support the conspiracy count, given that, even if view in a light most favorable to the prosecution, no rational trier of fact could find beyond a reasonable doubt that Mr. Torres conspired or came to an agreement with any persons to distribute and possess CDS. Should the Court enter a judgement of acquittal in this matter, same would result in the dismissal of the March 27, 2026 Indictment and render the double jeopardy issues argued *infra* moot.

II.   **THIS COURT SHOULD BAR SUBSEQUENT PROSECUTION OF THIS MATTER BECAUSE SAME RUNS AFOUL OF THE DOUBLE JEOPARDY CLAUSE**

This Court should bar retrial as to Count One of the Superseding Indictment because same would subject Mr. Torres to double jeopardy. The Double Jeopardy Clause of the United States Constitution states "No person shall…be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In Green v. United States, the Supreme Court articulated that the fundamental purposes of the bar against double jeopardy are to provide protection for the defendant against the strain of repeated prosecution, and to limit the risk of erroneous conviction:

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 9

> The underlying idea…is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. 355 U.S. 184, 187-88 (1957).

It is not difficult to conceptualize why it is paramount that the Constitution provides accused defendants with protections and safeguards against the power of the State. As Justice John Paul Stevens stated in <u>Arizona v. Washington</u>:

> The reasons why this "valued right" merits constitutional protection are worthy of repetition. Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. 434 U.S. 497, 503-04 (1987).

Jurisprudence concerning the Double Jeopardy Clause has consistently cited to the 1824 Supreme Court decision <u>United States v. Perez</u>, a summary opinion which held that there was no legal bar to retrying the defendant if "manifest necessity" required discharge of the first jury due to a hung jury, notwithstanding that the written opinion made no reference to the Constitution or even contained the words "double jeopardy." 22 U.S. (9 Wheat) 579, 579-580 (1824). Professor Janet E. Findlater has contextualized the time of the case, at which time historically "the Court adhered to the English common law view that jeopardy does not attach until a

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 10

verdict is rendered." Janet E. Findlater, *Retrial After a Hung Jury: The Double Jeopardy Problem*, 129 U. Pa. L. Rev. 701, 703 (1981). In fact, the question in that case of whether a defendant could be retried following a hung jury was not deemed to concern the Double Jeopardy Clause, but the authority of a court to discharge a jury prior to the verdict, as common law typically dictated that a sworn jury could not be discharged before a verdict was returned. Id. at 705-706. Thus, Professor Findlater surmises that Perez "did not involve application of the [D]ouble [J]eopardy [C]lause; it was simply one step in the developing common law regarding the propriety of discharging a jury before verdict." Id. at 709.

In Crist v. Bretz, the Supreme Court held that jeopardy attaches when the jury in a criminal trial is impaneled and sworn, applying the federal rule on the states through the Fourteenth Amendment. 437 U.S. 28, 38 (1978). As this decision followed Perez, the Supreme Court implicated the issue of the Double Jeopardy Clause on the retrial of cases that end in mistrial without rendering a unanimous verdict. See Findlater, *Retrial After a Hung Jury*, supra at 710. In fact, the Crist Court specifically noted that a close reading of the Perez decision indicated that the Court was not purporting to decide a Constitutional question, though in light of subsequent jurisprudence citing to Perez as a Double Jeopardy case (even erroneously), ultimately concluded that "to cast such a new light on Perez at this later date would

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 11

be of academic interest only." Supra, 437 U.S. 53n10 (citing United States v. Tateo,

377 U.S. 463, 467 (1964), Wade v. Hunter, 336 U.S. 684, 689-690 (1949)).

The Supreme Court created a further logical problem in Burks v. United

States, where the Court held that the Double Jeopardy Clause barred the retrial of a

defendant where the conviction was overturned by the appellate court solely on the

grounds that the evidence was legally insufficient to sustain a conviction. 437 U.S.

1, 18 (1978). "The Double Jeopardy Clause forbids a second trial for the purpose of

affording the prosecution another opportunity to supply evidence which it failed to

muster in the first proceeding." Id. at 11. With respect to hung jury retrials, Burks

created a dilemma: if we are measuring the sufficiency of the evidence to sustain a

conviction, where a factfinder's (i.e., a criminal trial jury's) determination that the

evidence is insufficient to sustain a unanimous vote for a guilty conviction, should

Burks preclude the State from getting a subsequent chance to shore up the evidence

it failed to supply the first time around to secure a guilty conviction? See Elijah N.

Gelman, *Hung Out to Try: A Rule 29 Revision to Stop Hung Jury Retrials*, 118 Nw.

U. L. Rev. 1139, 1143 (2024).

The issue created by this framework for accused defendants is that the

Government has essentially unlimited chances to prosecute a defendant even in the

face of multiple trials ending in a hung jury. It is not difficult to see how this lack of

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 12

protection for criminal defendants creates significant opportunities for abuses by the Government and harm to accused defendants, including but not limited to: prolonging the period where an accused is subject to embarrassment, expense, anxiety, uncertainty, and stigma of being a criminal defendant on trial; prolonging stress and uncertainty on witnesses and alleged victims; creating a situation where an accused defendant is unable to fund ongoing defense representation and/or feels compelled to submit to a plea deal due to lack of financial resources where he/she may be factually innocent; granting the Government unlimited chances to rehearse a prosecution where they previously failed to secure a conviction on the merits; granting the Government with authority to allocate resources on multiple re-trials and diverting resources away from other matters; burdening the court and public by way of taxpayer dollars, the court's time, and jurors' time;  and increases the likelihood of a wrongful conviction. See Arizona, supra, 434 U.S. 503-04, Green, supra, 355 U.S. at 187-88. See also Steven Gordon, Can And Should A Court Limit Repeated Retrials?, Holland & Knight (May 16, 2022), https://www.hklaw.com/-/media/files/insights/publications/2022/05/law360--can-and-should-a-court-limit-repeated-retrials.pdf?la=fr.[3]

---

[3] In a recent publicized example, criminal defendant Curtis Flowers was tried on six (6) separate occasions by the same prosecutor of the State of Mississippi for murder: the first three trials ended in convictions which were subsequently overturned by the Mississippi Supreme Court, the

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 13

Lastly, the Government should be precluded from trying Mr. Torres a second time due to the effect subsequent trials have on both Mr. Torres and other similarly situated defendants. As set forth in more detail in his annexed Certification, Mr. Torres has been in custody for over two (2) years and has dealt with a myriad of physical and psychological issues due to being on trial for the instant offense. The effects have also emanated beyond Mr. Torres, as same has affected his family and the uncertainty surrounding whether he will return home following being acquitted on one of two (2) counts. A subsequent retrial becomes inherently unjust given that a single defendant (most poignantly, an indigent one, given that the undersigned is appointed CJA counsel) must face down the extraordinary powers of the Government and all its resources as it seeks to convict him for an offense they were unable to prove the first time.

### III. THE PARTIAL VERDICT BY THE JURY AS TO COUNT TWO BARS SUBSEQUENT PROSECUTION BY THE GOVERNMENT WITH RESPECT TO FEBRUARY 1, 2024

Per <u>Green v. United States</u>, the Government cannot re-prosecute Mr. Torres as to Count One of the Indictment as it pertains to February 1, 2024.  Same would put

---

fourth and fifth trials ending in mistrials, and the sixth trial ending in conviction and a death sentence, which was subsequently overturned by the U.S. Supreme Court before charges were dropped. <u>See</u> Parker Yesko, It's over: Charges against Curtis Flowers are dropped, APM Reports (September 4, 2020), <u>https://www.apmreports.org/episode/2020/09/04/charges-against-curtis-flowers-are-dropped</u>. Flowers spent over twenty-three years incarcerated. <u>Id.</u>

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 14

Mr. Torres at risk of double jeopardy because he was acquitted on Count Two of the Indictment. 355 U.S. at 188 ("[I]t has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and […] is a bar to a subsequent prosecution for the same offence."). Here, the jury returned a partial verdict at the first trial, by unanimously finding Mr. Torres not guilty as to Count Two alleging that he was aiding and abetting in the sale of CDS during the February 1, 2024 incident, which is the relevant end date of the conspiracy charge in Count One. However, the jury was unable to return a decision with respect to the Count One, alleging Mr. Torres conspired to distribute and possess CDS from November 2023 to February 1, 2024.

Given that the jury unanimously found that Mr. Torres was not involved in the February 1, 2024 incident, the Government cannot retry him alleging that he was a part of any conspiracy with respect to that date. See Ashe v. Swenson, 397 U.S. 436, 443 (1970)("[W]hen an issue of ultimate fact has once been determined by a valid and final judgment" of acquittal, it "cannot again be litigated" in a second trial for a separate offense.). Thus, this Court should dismiss Count One of the Superseding Indictment with respect to any allegations related to February 1, 2024 and bar the Government from subsequent prosecution with respect to same.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 15

### A. The Government should be barred from subsequent prosecution of this matter, but should the Court permit same, the Government should be precluded from introduction of all evidence as it relates to the February 1, 2024 incident

The instant matter is exemplary of how criminal defendants are not protected by the current legal framework regarding double jeopardy. Federal Rule of Criminal Procedure Rule 31(b)(3) specifically addresses re-trials as follows: "[i]f the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts. The government may retry any defendant on any count on which the jury could not agree." However, it is important to note that the Rule expressly provides that a retrial is not mandated (e.g. use of the word "*may*" versus "*must*" or *shall*").

Here, the Government is pursuing a second trial against Mr. Torres for a single conspiracy count, which at present is partly based upon the February 1, 2024 incident, which Mr. Torres has already been acquitted for. As the Supreme Court espoused in <u>Burks</u>, where a second trial would only "afford[] the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding," permitting a retrial as to Count One would only provide the Government with a "second bite at the apple" to convict Mr. Torres where a previous jury of his peers did not. 437 U.S. at 11.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 16

### B. The Government should be barred from introducing all evidence related to the February 1, 2024 incident pursuant to Rule 404(b)

Should the Government be permitted to pursue a second trial on the conspiracy count, the Government should be precluded from introducing all evidence related to the February 1, 2024 incident, because the introduction of same would be impermissible 404(b) evidence. Federal Rules of Evidence 404(b) provides that evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character".

As an initial procedural note, the Government has not provided defense counsel with the required written notice pursuant to Fed. R. Crim. P. 404(b)(3)(C). Moreover, in the instant matter, Mr. Torres has already been acquitted as to all events in relation to February 1, 2024. Thus, the introduction of all evidence in connection with same, including but not limited to the previous surveillance efforts associated with Abel Torres, the supermarket law enforcement operation on February 1, 2024, and any evidence or statements in connection with same made by any persons involved on February 1, 2024, including Mr. Torres, would be impermissible character evidence offered for the sole purpose of bolstering the Government's case. In United States v. Kramer, the Second Circuit concluded:

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 17

> "A defendant who has satisfied one jury that he had no responsibility for a crime ought not be forced to convince another of this [lack of responsibility] […] The very nub of [issue preclusion] is to extend res judicata beyond those cases where the prior judgment is a complete bar. The Government is free, within limits set by the Fifth Amendment to charge an acquitted defendant with other crimes claimed to arise from the same or related conduct; but it may not prove the new charge by asserting facts necessarily determined against it on the first trial[.]" 289 F.2d 909, 915-916 (2d Cir. 1961).

C. **The Government should be barred from introducing additional evidence in a subsequent trial that was not part of its case-in-chief at the first trial**

Furthermore, the Government should also be foreclosed from introducing any and all additional evidence and witnesses that were not a part of the Government's case-in-chief at the first trial. It is unjust to permit the Government to fine tune their litigation strategy from the first trial in order to secure a conviction in the second trial. Same offends the principles of due process, given that Mr. Torres would now face having to field and defend against evidence that was not initially introduced against him at the first trial. The Government should be bound by the preferred evidence, as well as its asserted theory of the case, from the first trial.

**ZIEGLER LAW GROUP LLC**

July 27, 2026
Page 18

## **CONCLUSION**

For the foregoing reasons, this Court should rule in favor of Mr. Torres and enter a judgment of acquittal in accordance with Rule 29 of the Federal Rules of Criminal Procedure and dismiss the March 27, 2026 Superseding Indictment, barring any subsequent prosecution of this matter.

Respectfully submitted,

JASON J. LEBOEUF

JJL/kd
Cc: AUSA Andrew Trombley

JASON J. LeBOEUF, ESQ. (#03361-2001)
**ZIEGLER LAW GROUP, LLC**
651 OLD W. MT. PLEASANT AVENUE, SUITE 150
LIVINGSTON, NJ 07039
P: (973) 533-1100
E: JASON@ZLGLLC.COM
*Attorney(s) for* Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------X

**UNITED STATES OF AMERICA,**

**v.**                                                                  Case No.: 24-378

**DANIEL TORRES,**                                            <u>**ORDER**</u>
                              **Defendant.**

-----------------------------------------------------------X

 **THIS MATTER** having been opened to the Court by Jason J. LeBoeuf, Esq. of Ziegler Law Group, LLC, attorney for Defendant, and the within Motion having been properly served upon the prosecution, AUSA Andrew Trombley, appearing, and the Court having read the papers submitted, and for good cause having been shown; it is therefore

 On this _____ day of _____, 2026,

 **ORDERED** that Defendant's motion is hereby GRANTED and in accordance with Rule 29, this Court shall enter a judgment of acquittal as to Count One of the March 27, 2026 Superseding Indictment;

 **ORDERED** that a copy of this Order be served upon all parties to this action within seven (7) days of the date of this Order.

           _____
           The Honorable Katherine S. Hayden, U.S.D.J.