

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

August 7, 2026

**<u>Via ECF</u>**

Hon. Katharine S. Hayden
United States District Judge
U.S. District Court
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, NJ 07102

    Re: *United States v. Daniel Torres*
       Crim. No. 24-378

Dear Judge Hayden:

The Government writes to respectfully request an extension of the deadline for the Government to respond to Defendant's motion for entry of a judgment of acquittal under Rule 29 (ECF No. 171) and motion to dismiss (ECF No. 170) (collectively, the "Motions") to September 4, 2026. Defendant consents to this request. The parties also jointly request that the Court indefinitely adjourn the trial date currently scheduled for September 28, 2026 in light of the issues raised by the Motions and the resulting high improbability that trial in this matter will be able to begin on that date.

As Your Honor is aware, on June 22, 2026, a jury trial concluded with a mistrial as to Count One and not-guilty verdict as to Count Two. ECF No. 158. On July 9, 2026, Defendant requested an extension of two weeks to submit his post-trial motions, which the Court granted the same day. ECF Nos. 164, 165. Defendant filed the Motions on July 27, 2026, and the Court ordered the Government to file its opposition two weeks later, by August 10, 2026, and Defendant to file a reply, if any, by August 14, 2026. ECF No. 172. On August 4, 2026, Assistant U.S. Attorney Trevor A. Chenoweth entered his appearance in this case. ECF No. 173.

Beyond a sufficiency-of-the-evidence claim for acquittal under Rule 29 (the type of motion initially anticipated, and routinely handled, by the Government), Defendant's Motions raise a claim for dismissal based on double-jeopardy principles in light of the jury's acquittal on Count Two and inability to reach a unanimous verdict on Count One. On further review and analysis of that claim, Defendant's

double-jeopardy claim involves complex areas of law, including the applicability (if any) of *Ashe v. Swenson*, 397 U.S. 436 (1970), and how (if at all) *Ashe* and its progeny constrain the Government's ability to retry this case.  The extension requested by the Government would allow the Government to adequately research and brief these issues commensurate with the time allowed to the Defendant to prepare his own Motions.

Moreover, however the Court resolves the Defendant's double-jeopardy claim, each party would, if ruled against, be able to take an immediate interlocutory appeal from that ruling.  *See* 18 U.S.C. § 3731 (allowing Government's interlocutory appeal from adverse ruling dismissing Count One on double-jeopardy grounds under *Ashe*); *United States v. Frazier*, 880 F.2d 878, 882 (6th Cir. 1989) (finding appellate jurisdiction under § 3731 in same posture); *Abney v. United States*, 431 U.S. 651, 662 (1970) (holding that "pretrial orders rejecting claims of former jeopardy . . . constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of" 28 U.S.C. § 1291).  Here, each party would, if ruled against, be likely to do so.  For that reason, it is highly improbable that trial could begin on the currently scheduled September 28, 2026 date.  And even aside from the high likelihood of an interlocutory appeal, the Court's adjudication of the *Ashe* claim could significantly affect the evidence and arguments available to the Government on retrial, and both parties will require sufficient time for trial preparation in light of the Court's ruling on that issue.

Finally, the parties remain in active negotiations to resolve this case, and the relief requested—both the extension of the Government's deadline to respond until September 4, and the indefinite adjournment of the trial date—would facilitate those negotiations.

For these reasons, the relief requested—(1) an extension of the Government's deadline to respond to the Motions until September 4, 2026, and (2) an indefinite adjournment of the September 28, 2026 trial date—would allow opportunity both for adequate briefing of the complex *Ashe* issue raised by the Motions and for the parties to potentially resolve this case.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By:    Michelle L. Goldman
       Trevor A. Chenoweth
       Assistant U.S. Attorneys

cc:    All Counsel of Record (ECF)

- 2 -